IN THE UNITED STATS DISCTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In the Matter of the Arbitration Between | : | |
| | : | |
| SAMUEL M. ROTTER | : | |
| | : | Civil Action No. 24-6849 |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| VISION & BEYOND GROUP, PLLC, | : | |
| | : | |
| Respondent. | : | |

---

### PETITION TO CONFIRM ARBITRATION AWARD

---

Petitioner, Samuel M. Rotter seeks confirmation of an arbitration award against Respondent, Vision & Beyond Group, LLC and entry of judgment in conformity with the arbitration award.

**Parties**

1.    Petitioner Samuel M. Rotter ("Rotter" or "Petitioner") is an individual who currently resides, and at all times material hereto resided, at 122 Willow Drive, Newtown, Pennsylvania 18940.

2.    Respondent Vision & Beyond Group, LLC ("V&B" or "Respondent") is an Ohio limited liability company with offices located at 2100 Auburn Avenue, Cincinnati, Ohio 45219.

3.    This matter arises out of V&B's breach of Rotter's employment agreement, which resulted in an arbitration award which Rotter now seeks to enforce pursuant to 9 U.S.C. §9.

**Jurisdiction and Venue**

4.      The arbitration award that is the subject of these proceedings for confirmation was the result of an arbitration proceeding between V&B and Rotter under the auspices of the American Arbitration Association ("AAA Arbitration Proceeding") pursuant to AAA's Employment Arbitration Rules and Mediation Procedures ("AAA Rules").

5.      Rotter commenced the AAA Arbitration Proceeding on April 11, 2022 based on, *inter alia*, breach of an Employment Agreement Rotter entered into with V&B effective September 22, 2021, which called for mandatory arbitration of any disputes arising therefrom. *See* **Exhibit A** hereto, ¶ 8.

6.      Subsequently, Rotter and V&B entered into an Agreement effective May 6, 2022 ("Arbitration Agreement"), confirming their agreement that "the AAA Arbitration Proceeding is the proper forum and means of alternative dispute resolution between Rotter and V&B concerning the subject matter the Dispute."  *See* **Exhibit B** hereto.

7.      Rule 42(c) of the AAA Rules provides that "[p]arties to these procedures shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction."

8.      Thus, this Court has jurisdiction over this matter pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, without reference to Pennsylvania's long-arm statute. *See, e.g.*, *Colavito v. Hockmeyer Equipment*, 605 F. Supp. 1482, (S.D.N.Y. 1985) ("Respondent's argument that personal jurisdiction must be invoked under the long-arm provisions of the C.P.L.R. [New York statute] expressly presupposes that diversity is the basis of this Court's subject matter jurisdiction…[h]owever…subject matter jurisdiction derives from § 9 of the Arbitration Act, and where the federal statute itself provides for the exercise of personal

jurisdiction by means of extra-territorial service of process, reference to the C.P.L.R. is

unnecessary.").

9.    Even in the absence of jurisdiction under the FAA, this Court has subject matter

jurisdiction over this dispute and personal jurisdiction over the Defendant pursuant to 28 U.S.C.

§ 1332(a)(1) because this is a civil action where the matter in controversy exceeds the sum or

value of $75,000, exclusive of interest and costs, and is between citizens of different States.

10.    Complete diversity exists between the parties and the amount in controversy –

*i.e.*, the amount of the arbitration award – is $560,547.84, which is well in excess of the

$75,000.00 threshold pursuant to 28 U.S. Code § 1332(a)(1).

11.    Rotter is a citizen of Pennsylvania.

12.    Upon information and belief, after a reasonable inquiry, none of V&B's members

are citizens of Pennsylvania.  *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 110 (3d

Cir. 2015) (holding that a plaintiff need not affirmatively allege the citizenship of each member

of a defendant LLC if it is unable to do so after a reasonable investigation).

13.    Upon information and belief, the members of V&B are: Stanislav E. Grinberg and

Peter Gizunterman, as listed in the articles of incorporation V&B filed with the Ohio Secretary of

State on April 22, 2019.

14.    Based on searches of available public records, Grinberg maintains a permanent

residence at 6983 Juniperview Lane, Cincinnati, OH 45243.

15.    Based on searches of available public records, Gizunterman maintains a

permanent residence at 588 Lowell Ave., Cincinnati, OH 45220.

16.    This Court has personal jurisdiction over V&B and venue is proper in this District

pursuant to § 28 U.S.C. 1391 and Pennsylvania's long-arm statute because, *inter alia*:

a)      The arbitration hearing took place in West Conshohocken, Pennsylvania, which is within this judicial district;

b)      Pursuant to Rotter's Employment Agreement with V&B, (*see* **Exhibit B** hereto, § 1(b), Rotter was expected to "primarily work from [his] home in [Newtown] Pennsylvania," and thus, V&B contracted with Rotter to supply services within this Commonwealth (*see* 42 Pa.C.S.A. § 5322);

c)      V&B caused harm in this Commonwealth by an act or omission outside this Commonwealth by failing to honor its contractual obligations with Rotter and pay him compensation due under the Employment Agreement.

17.    For all of the above reasons, venue is appropriate within this judicial district in that a substantial part of the events or omissions giving rise to the claim occurred.  *See* 28 U.S.C. § 1391(b)(2).

**Facts**

18.    Rotter entered into an Employment Agreement with V&B effective September 22, 2021 whereby Rotter was set to begin work as V&B's Chief Operating Officer on November 1, 2021.  *See* Exhibit A hereto.

19.    Just before Rotter was set to report for his first day of work at V&B, V&B informed Rotter that V&B could not afford to employ him and he should not report for work.

20.    V&B breached the Employment Agreement by, *inter alia*, failing to give Rotter the required notice and by failing to pay Rotter the compensation, including severance, due under the Employment Agreement.

21.     On April 11, 2022, Rotter commenced the AAA Arbitration Proceeding by filing a

demand for arbitration before AAA, styled as *Samuel Rotter v. Vision & Beyond, LLC*, docketed

to AAA Case No. 01-22-0001-5207.

22.     Following an evidentiary hearing, the Arbitrator issued a Partial Final Award

awarding damages to Rotter, including compensatory damages, liquidated damages pursuant to

§260.10 of the Pennsylvania Wage Payment and Collection Law, pre-award interest, and

attorneys' fees.

23.     Following Rotter's fee petition, the Arbitrator issued a Final Award on March 20,

2024.  The Final Award and Opinion are attached hereto as **Exhibit C**.

24.     In the Final Award, the Arbitrator awarded a total of $560,547.84, together with

"post-judgment interest at the statutory rate fixed by the Commonwealth of Pennsylvania" to

"run from the date of this Final Award until paid."

25.     Under Section 12 of the FAA, respondents had three months to challenge the

Award under Sections 10 or 11 of the FAA. 9 U.S.C. § 12.

26.     The award has not been vacated, modified, or corrected under Sections 10 or 11

of the FAA, and the time to do so has expired.

27.     Rotter has brought this action within one year after the award was made on March

20, 2024. 9 U.S.C. § 9.

28.     Rotter seeks confirmation of the award pursuant to the FAA, which provides in

relevant part:

> [A]ny party to the arbitration may apply to the court so specified
> for an order confirming the award, and thereupon the court must
> grant such an order unless the award is vacated, modified, or
> corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9 (emphasis added).

29.     The United States Supreme Court has held that "[u]nder the terms of [Section] 9, a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected, 'as prescribed' in [Sections] 10 and 11." *Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 582 (2008) (quoting 9 U.S.C. § 9); *Teamsters Local 177 v. United Parcel Serv.*, 966 F.3d 245, 248 (3rd Cir. 2020) ("[T]he confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court. . . The FAA not only authorizes, but mandates, that district courts confirm arbitration awards by converting them into enforceable judgments through a summary proceeding.") (quotations omitted).

## PRAYER FOR RELIEF

WHEREFORE, Petitioner Samuel M. Rotter respectfully requests that the Court enter an order confirming the award of $560,547.84 plus interest and attorneys' fees pursuant to 9 U.S.C. § 9 and enter judgment pursuant to 9 U.S.C. § 13 consistent with the award attached hereto as Exhibit C.

Dated: December 24, 2024          Respectfully submitted,

POTOMAC LAW GROUP, PLLC

*/s/ Susan V. Metcalfe*

Susan V. Metcalfe (PA ID 85703)Potomac New
1717 Pennsylvania Avenue, NW, # 1025
Washington, DC 20006
Tel: 717-951-5653
Fax: 202-318-7707
smetcalfe@potomaclaw.com

*Attorneys for Petitioner Samuel Rotter*